JACOB MICK, FOR WHOM HAS BEEN SUBSTITUTED LEWIS STARR, TRUSTEE IN BANKRUPTCY, RESPONDENT, v. THE CORPORATION OF THE ROYAL EXCHANGE ASSURANCE OF LONDON, ENGLAND, APPELLANT.

JACOB MICK, RESPONDENT, v. FIRE ASSOCIATION OF PHILADELPHIA, APPELLANT.

JACOB MICK, RESPONDENT, v. SPRINGFIELD FIRE AND MARINE INSURANCE COMPANY OF SPRINGFIELD, MASS., APPELLANT.

JACOB MICK, RESPONDENT, v. THE HOME INSURANCE COMPANY, APPELLANT.

JACOB MICK, RESPONDENT, v. THE GIRARD FIRE AND MARINE INSURANCE COMPANY OF PHILADELPHIA, APPELLANT.

JACOB MICK, RESPONDENT, v. THE PENNSYLVANIA FIRE INSURANCE COMPANY, APPELLANT.

JACOB MICK, RESPONDENT, v. PEOPLES NATIONAL FIRE INSURANCE COMPANY OF PHILADELPHIA, APPELLANT.

Argued March 19, 1915—Decided June 14, 1915.

Where a person, employed by the insured to adjust a fire loss, innocently, and without intent to defraud, furnishes to the insurance company upon its demand, without the knowledge or concurrence of the plaintiff, copies of bills of purchases procured for him by a third person, whom he might justly assume had knowledge of the facts, and some of the bills proved to be false, such act is not a fraud chargeable to the plaintiff within the meaning of a clause contained in a policy of insurance that it shall be void for "fraud or false swearing," where the insurer has not relied upon it or suffered any loss therefrom. Forfeitures are not favored in law, and where the insurance company has not

been injured by the innocent mistake of an agent of the insured, his right to recover his actual loss is not forfeited for that reason.

On appeal from the Supreme Court.

For the respondent, *Wilson & Carr*.

For the appellants, *Charles R. Stevenson, French & Richards* and *Albert L. Moise* (of the Philadelphia bar).

The opinion of the court was delivered by

BERGEN, J.  This is an appeal from a judgment recovered by the plaintiff in an action upon a fire insurance policy, as a result of a second trial.  The plaintiff had a judgment on the first trial which was reversed in this court upon the ground that it was error to refuse to charge as requested, in substance (*a*) that if the plaintiff delegated to anyone as his agent the duty of complying with the demand of the defendant for copies of bills showing plaintiff's purchases of goods claimed to have been destroyed by fire, and such agent with or without plaintiff's knowledge furnished false bills, such action would be within the scope of the agent's employment; (*b*) that if the jury found from the evidence that plaintiff's son was his general agent, "and the duties of such agent included that of complying with the company's demand for bills," and he furnished false bills, the verdict should be for the defendant, it being, as stated in the opinion read for this court, "a fair, if not a necessary, inference that Wilbur Mick (the son), or Dawson (the adjuster), or both, had intentionally procured and put in these false bills to augment the amount of the recovery." *Mick v. Royal Exchange Insurance* (*ante p.* 607). It thus appears that the former judgment was reversed because the trial court refused to charge that if the plaintiff had delegated to an agent the duty of complying with the demand for copies of bills, or if the son was such a general agent that his duties as such included complying with the request, the plaintiff was chargeable to the extent he would

have been if he had himself furnished the bills. That such refusal was error, is all that was decided, and it was all that was necessary to be determined on that record, and the conclusion was rested, as was said by Mr. Justice Parker, speaking for this court, upon the inference to be drawn from the evidence in that case, that the son or the adjuster, or both, intentionally furnished false bills. But the present record discloses an entirely different situation, for in it there is evidence from which the jury might find, and as their verdict indicates they did, that the son was not the agent of the plaintiff to furnish the bills; and that the adjuster did not intentionally furnish false bills, but forwarded those which were furnished him by the son without the knowledge of the plaintiff, and which the adjuster assumed were correct coming, as they did, from the son who had charge of the buying end of the business. It is urged here that as the trial court refused to charge the same request made at the former trial, the refusal of which this court held to be error, the present judgment must be reversed for that reason. It is quite true that a request was made and refused which was substantially in the same language of the request presented on the former trial, the refusal of which was held to be error, but there was also another request which the judge charged with a qualification. That request was as follows: "If you find from the evidence that Jacob Mick, through his authorized agent, in response to the demand of the defendant company, furnished false and fictitious bills for goods never purchased by him, without knowledge whether such bills were genuine or not, and without making any attempt to ascertain whether such bills were true or false, this amounts to a fraud within the meaning of the policies of insurance, and your verdict must be for the defendant." In dealing with this request, the court said: "If the agent fraudulently furnished proofs of fictitious bills that is imputed to the principal; but if they were furnished innocently by Dawson, and young Mick was not the agent of his father, then I do not think that the balance of the request would be true, namely, that want of knowledge or inquiry on the part of the defendant would defeat his

recovery." We think that this request embraces, in legal effect, the other request which was refused, because the agent, if authorized, must have had delegated to him the power. The court having charged in one request the substance of another, it is not bound to repeat the charge in all the different forms of phraseology counsel may devise. An exception was taken to the modification which the court made to this request, indicated in the record as request 34. The court also instructed the jury that if these bills "were furnished by the son under authority from the father, either under a general authority or on a special authority with respect to these proofs, it would be a fraud, which, regardless of whether it would affect the merits of the case in the end or not, would defeat the recovery on the policy. * * * It must be obvious to you that if Mick furnished this through his agent, that there can be no recovery; but if the bills were furnished by the son officiously and surreptitiously, without the father's knowledge, and without authority from him, then it would be quite obvious that there is no fraud in such a situation on the part of the insured within the meaning of these policies." An exception was taken and allowed to this charge. The effect of the modification of the thirty-fourth request, and of the charge last quoted, is, that if the son had either a general or special authority from the father to furnish these bills, then the father would be responsible, but if the son had no such authority, and the adjuster, relying upon the representations of the son, innocently and without fraudulent intent, in compliance with the request of the defendant, and without plaintiff's knowledge, furnished the bills and other accounts which were requested. some of which proved to be false. the plaintiff would not be estopped from any recovery. The trial court is only bound to charge the law applicable to the facts of a case, and it is not pretended in this case that the plaintiff suffered any loss through the error of the adjuster in forwarding these bills, for it made no payment because of the furnishing of these bills, and the only use made of them is to aid in the forfeiture of the policy and to defeat the recovery of what the proofs show was the actual loss of

the plaintiff. It is not a case where the insurance company is seeking to recover money which it had paid out, relying upon the truth of the bills furnished, and so the question seems to be reduced to this: is the plaintiff estopped from any recovery because the adjuster innocently and without intention of wrong furnished bills of purchases, some of which were false, upon the assumption that they were correct, because furnished by a third person without authority from the plaintiff? It was not a false representation in the procuring of the insurance, but a misrepresentation innocently made, without the knowledge of the insured, in aid of the proofs of loss theretofore filed. The pertinent clause in the policy is, that it shall be void, among other reasons, "in case of any fraud or false swearing by the insured, touching any matter relating to this insurance, or the subject thereof, whether before or after a loss." There is no question raised of false swearing, and the fraud, if any, to which the portion of the charge criticised is applicable, is the unintentional furnishing by the adjuster of alleged false bills. To work a forfeiture under this clause of the policy there must be a fraud, and in order to make the misstatement a fraud, it must have been made willfully with intent to misrepresent. In the case of *Little* v. *Phœnix Insurance Co.*, 123 *Mass.* 380, where the policy was made void, "if there appears any fraud or false swearing," the following instructions to the jury were upheld, "if, in any proof of the loss, the plaintiff willfully or recklessly swore to that as true, of which he was ignorant, and it was not as sworn to, or if he swore to a statement as true, which he knew to be otherwise than true, he would, in either case by such false swearing, forfeit all claim to the policy, and this action could not be maintained. This does not apply if a party by mistake should make a misstatement accidently, not intentionally or willfully; the word 'willful' is not used in the sense that he did not intend to write those words, but that there was willful intention in him to misrepresent. Every man is bound to exercise good judgment; if he recklessly—in other words, carelessness or simple mistake on his part would not be sufficient, but if there was a recklessness in making the statement,

or it was willfully made wrong, then that would forfeit the claim under the policy." There will be found in *Ostr. Fire Ins.,* § 178, an analysis of a number of cases bearing on this subject, and in the notes reference to many cases which show that in order to forfeit a policy of insurance by any misstatement of fact, either before or after the loss, there must be a willful intent to defraud. The former opinion in this case proceeded upon the theory that either the son and the adjuster intentionally made a false statement, and that manifestly would avoid the policy. We think that the weight of authority favors the proposition, that where a person employed by the insured to adjust a fire loss, innocently and without intent to defraud, furnishes to an insurance company upon its demand, without the knowledge or concurrence of the plaintiff, copies of bills of purchases, procured for him by a third person whom he might justly assume had knowledge of the facts, and some of the bills proved to be false, such act is not a "fraud" chargeable to the plaintiff within the meaning of a clause contained in a policy of insurance that it shall be void for "fraud or false swearing," where the insurer has not relied upon it or suffered any loss therefrom. Forfeitures are not favored in the law, and where the insurance company has not been injured by an innocent mistake of an agent of the insured, his right to recover his actual loss is not forfeited for that reason. The request now under consideration, the refusal of which is said to be error, embodies the proposition that if the plaintiff delegated to anyone as his agent the duty of furnishing bills, and the agent, without the knowledge of the principal, furnished false bills, that such action would be within the scope of his employment and the verdict should be for the defendant. This request ignores any question of willful misrepresentation by the agent, which is a necessary element of a fraud sufficient to forfeit the policy, and would require an instruction to the jury that if any agent by any mistake or error should include a single bill which did not correctly represent the party from whom a purchase was made, such action would estop the plaintiff, although he had no knowledge of it, from recovery. This we do not

conceive to be the law, and the request was therefore properly refused.

It is also urged that the court below struck out certain pleas filed by the defendant, and refused leave to the defendant to file additional pleas, and also that the trial court, at the trial, refused to allow the same amendments to be made. There is no substance in this objection, for it was an application to file pleas out of time, and that is within the discretion of the court, and we think it was properly exercised in this instance, because at the first trial, defendant was allowed an opportunity to amend, in substantially the manner subsequently applied for, but refused to accept the permission, and after the trial of all issues raised by the pleadings it was not unfair to refuse an amendment at the second trial which would raise a new defence, to plead which an opportunity had been given the defendant and rejected before the first trial. The refusal to allow the amendment was the exercise of a discretion which was not abused and is therefore not subject to review on appeal.

Another alleged error is that the trial court refused a motion to nonsuit, which was urged upon two grounds—*first,* that no proper proof of loss was filed, and *second,* that there was no sufficient proof of the value of the goods destroyed. As to the first ground, no such issue was raised by the pleadings. The plaintiff in his complaint averred the performance of all conditions imposed upon him by the policy, and the plea did not set out and deny the performance of the condition requiring the filing of proof of loss. As to the second ground, there was testimony by a witness who made an inventory of the goods of the plaintiff a short time before the fire, showing an itemized list and the value of the goods. The weight to be given to this testimony was for the jury, and the nonsuit upon either of the grounds stated would not have been proper.

There was also an objection to the refusal by the trial court to direct a verdict in favor of the defendant. This is urged for the same reasons upon which the motion for nonsuit was rested, and upon the further ground that the plaintiff through

his agent had furnished false bills. As the bills referred to were furnished by plaintiff's son to Dawson, the adjuster, it became a question of fact whether the agency of the son included the duty of complying with the defendant's request for the bills, and the determination of that could not be taken from the jury. The effect of the action of the adjuster in relying upon the representations of the son, if not authorized by the plaintiff, has been dealt with.

The next point raised is, that it was error to refuse to allow counsel of the defendant to state what this court said when the former record was under review, concerning the testimony upon which the motion to direct was rested. The record shows that the trial court permitted counsel to state the grounds upon which the motion was rested, but apparently not to read the opinion of the court. We do not think this was error, because the court was referred to the authority upon which the motion was rested, and the real question here is, whether the court committed an error in refusing to direct a verdict for the defendant, and it is quite immaterial what argument the counsel presented, for if there was error in the result, the authority relied upon could be applied in this court.

The next objection urged is, that the trial court refused to hear more than one counsel on a side, although several cases were being tried together by agreement. We do not think this was error; the court must have some control over the conduct of the proceedings, and it would be a waste of time to hear several arguments of like tenor on the same question.

The next question raised is, that the trial court erroneously charged the jury, as requested by the plaintiff, that if the son was the agent of the father for handling the buying and selling end of the lumber and store business, and for nothing more, they could not charge the plaintiff with the acts of the son in furnishing proofs of loss without the authority of the plaintiff. We think there was no error in this, for the trial court submitted to the jury the question whether the son was authorized as agent of the father to make the proofs, and directed them that if he was, then his act was chargeable to the

plaintiff. We think it was a proper issue to be submitted to the jury to determine whether the agency of the son was limited to buying and selling, and if so, that would not constitute him either a general or special agent to furnish the bills of purchase demanded by the defendant.

The only other point requiring notice is, that interest was added to the claim by the jury, and that in the case of one of the defendants, the verdict was greater than the evidence would warrant. That is not a matter which can be considered on this appeal, for if the verdict was contrary to the evidence, an application should have been made to the trial court for a new trial. We are of opinion that there is no error in this record which requires a reversal, and that the judgment should be affirmed.

There were six other cases by the same plaintiff against the following defendants, viz.: The Fire Association of Philadelphia, the Home Insurance Company, Springfield Fire and Marine Insurance Company of Massachusetts, Peoples National Fire Insurance Company of Philadelphia, the Girard Fire and Marine Insurance Company of Philadelphia, the Pennsylvania Fire Insurance Company. These cases were tried at the same time and before the same jury, and argued in this court, with the cause in which the foregoing opinion is read. As precisely the same questions are involved in each, the judgments in favor of the plaintiff in each of the six cases last mentioned will be affirmed, for the reasons given in the foregoing opinion.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, BERGEN, KALISCH, BLACK, VREDENBURGH, WHITE, TERHUNE, WILLIAMS, JJ.   10.

*For reversal*—SWAYZE, J.   1.